JOHNSON, APPELLANT, *v.* BRUNSWICK CITY SCHOOL DISTRICT BOARD OF EDUCATION ET AL., APPELLEES.

(No. 1279—Decided November 9, 1983.)

*John F. Lenehan* and *Robert G. Byrom,* for appellant.

*William Michael Hanna,* for Brunswick Bd. of Edn. et al.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Q. Albert Corsi,* for the Board of Review et al.

MAHONEY, J. Susan K. Johnson appeals a trial court order affirming the decision of the Ohio Bureau of Employment Services, Board of Review, refusing her application for benefits. We affirm.

Appellant began her employment with the Brunswick City School District in September 1979, as a substitute bus operator. On September 15, 1980, she became a regular bus operator. On March 26, 1981, she received notice that she would be laid off effective April 10, due to lack of funding. On April 23, she was rehired as a substitute bus driver and was called to work as such until the school year ended on June 5. Prior to the end of the 1980-1981 school year, she was notified that she would be hired as a substitute driver for the 1981-1982 school year beginning August 31, 1981.

Johnson filed an application for and received unemployment compensation for the week beginning April 12, 1981. On June 24, 1981, she filed an application seeking benefits for the week ending June 13, 1981. The Administrator denied the June application finding that Johnson was precluded from receiving benefits pursuant to R.C. 4141.29(I) because she had a reasonable assurance of performing services for the school district during the 1981-1982 school year. After reconsideration, the Administrator refused to change his decision.

On October 27, 1981, a formal hearing was held before a referee acting on behalf of the board of review. The referee agreed that Johnson was not entitled to benefits. The board adopted the referee's findings and refused further review. The Medina County Court of Common Pleas upheld the board's decision finding it lawful, reasonable and supported by the weight of the evidence.

Assignments of Error

"1. That the court of common pleas erred in affirming the decision of the Board of Review on the basis that the appellant had a reasonable assurance of re-employment in the same capacity during the next academic year.

"2. The court of common pleas erred in finding that the Board of Review's decision was lawful, reasonable, and supported by the manifest weight of the evidence."

At the time relevant herein, R.C. 4141.29(I) provided (see 138 Ohio Laws, Part II, 4414, 4419-4420) in part:

"(I)(1) Benefits based on service in employment as provided in divisions (B)(2)(a) and (2)(b) of section 4141.01 of the Revised Code, shall be payable in the same amount; on the same terms and subject to the same conditions as benefits payable on the basis of other service subject to Chapter 4141. of the Revised Code; except that after December 31, 1977:

"* * *

"(b) Benefits based on service for an educational institution in other than an instructional, research, or principal administrative capacity, shall not be paid to any individual for any week of unemployment which begins during the period between two successive academic years or terms of the employing educational institution provided the individual performed such services for the educational institution during the first such academic year or term and, there is a reasonable assurance that such in-

dividual will perform such services for any educational institution in the second of such academic years or terms.

"* * *

"(2) For the purposes of this division, the term 'a reasonable assurance' means a written, verbal, or implied agreement that the employee will perform services in the same or similar capacity during the ensuing academic year or term: * * *.''

Johnson contends that she was employed by the district in a non-professional capacity in the first of two successive academic years and that her June application is a claim for a week of unemployment which began between two successive terms. However, she contends that the record contains no evidence to support the board's decision that she had reasonable assurance of employment in the same or similar capacity for the 1981-1982 academic year.

The record reveals that a regular bus driver is assured of work each day that school is in session and receives various benefits. However, substitute drivers receive fewer benefits and are called to work on an "as needed" basis when regular operators are unable to drive a route. Thus, appellant argues that being hired as a substitute rather than a regular operator does not reasonably assure that she will perform the same or similar services during the 1981-1982 school year.

To support her contention, Johnson cites us to *Wolfe* v. *Bd. of Review* (Dec. 31, 1981), Crawford App. No. 3-81-6, unreported, wherein the court said at page 4:

"In our opinion when there is no assurance that the claimant would ever be called to perform work as a substitute driver and when there is also no assurance as to the amount of substitute work

that will be available, the agreement, if any, does not provide 'that the employee will perform services in the same or similar capacity during the ensuing academic year or term.' * * *''

While we agree with the statement quoted above, we find that it does not apply to the facts of the instant case. Appellant was not employed for one full school term as a regular driver. She worked as a regular operator from September 15, 1980 to April 10, 1981, when her employment was terminated due to lack of funding. She was rehired on April 23, 1981, and worked the remainder of the first academic year as a substitute. Prior to June 5, she was notified that she would be hired on the same basis, *i.e.*, as a substitute operator, for the second successive academic year. From April 23 to June 5, appellant was in fact called to perform work as a substitute driver. Her applications for benefits indicate that, during the period of her employment as a substitute, she actually worked all but three days when she refused work due to personal illness. Her earnings exceeded the benefit amount. Thus, she was reasonably assured both that substitute work would be available in August 1981, and that she would be called to perform such work.

We overrule both of appellant's assignments of error. The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and HOFSTETTER, J., concur.

HOFSTETTER, J., retired, of the Eleventh Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.