**CITY OF NORTH OLMSTED, Appellant,**

v.

**OHIO BUREAU OF EMPLOYMENT SERVICES et al., Appellees.**

[Cite as *North Olmsted v. Ohio Bur. of Emp. Serv.* (1989), 62 Ohio App.3d 173.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55225.

Decided April 24, 1989.

*James M. Dubelko*, Assistant Law Director, for appellant.

*Anthony J. Celebrezze, Jr.*, Attorney General, and *Merrill H. Henkin*, for appellees.

FRANCIS E. SWEENEY, Judge.

This case is an appeal from a judgment of the Cuyahoga County Court of Common Pleas, wherein the court affirmed a ruling of the Ohio Bureau of Employment Services ("OBES"), granting unemployment benefits to Ann Kostrek. For the following reasons, we affirm the decision of the trial court.

The facts indicate that Ann Kostrek had been employed as a school crossing guard since August 14, 1982 by the appellant's police department. She worked as a crossing guard only during the school term. Thus, she was laid off on June 6, 1986 for the entire summer.

As was her practice for several years, at the end of the school term Kostrek filed for unemployment benefits based on lack of work. However, unlike past years, appellant city of North Olmsted decided to fight her application for benefits in 1986, arguing that Kostrek's application for benefits is barred by R.C. 4141.29(I).[1]

Appellee Kostrek's application for benefits was granted by the Administrator of OBES. Upon timely reconsideration, the board of review ("board") affirmed the granting of benefits, concluding that R.C. 4141.29(I) did not apply because Kostrek was not employed by an educational institution. See R.C. 4141.01(Y) and (CC). Kostrek was found eligible for benefits based on lack of work pursuant to R.C. 4141.29(A)(1) through (5).

---

1. The fact that the appellant is not an educational institution is not contested.

The appellant appealed the board's determination to the court of common pleas, which affirmed the board's decision on January 11, 1988. This appeal followed.

The appellant's sole assignment of error states:

"The court of common pleas erred in affirming the board of review's determination that Kostrek is entitled to benefits."

The appellant argues that apart from Kostrek's being otherwise entitled to unemployment benefits, she is barred from receiving benefits due to the application of R.C. 4141.29(I)(1)(b).

The determination of this assignment involves whether the board and the trial court correctly concluded that the previously mentioned section was inapplicable to Kostrek's application. We believe that they were correct in their determination.

At the time relevant herein, R.C. 4141.29(I), in pertinent part, provided:

"(I)(1) Benefits based on service in employment as provided in divisions (B)(2)(a) and (b) of section 4141.01 of the Revised Code, shall be payable in the same amount, on the same terms and subject to the same conditions as benefits payable on the basis of other service subject to Chapter 4141. of the Revised Code; except that after December 31, 1977:

" * * *

"(b) Benefits *based on service for an educational institution* or an institution of higher education in other than an instructional, research, or principal administrative capacity, shall not be paid to any individual for any week of unemployment which begins during the period between two successive academic years or terms *of the employing educational institution* or institution of higher education provided the individual performed such services for the educational institution or institution of higher education during the first such academic year or term and, there is a reasonable assurance that such individual will perform such services for any educational institution or institution of higher education in the second of such academic years or terms." (Emphasis added.) See Am.H.B. No. 557 (141 Ohio Laws, Part III, 4961, 4996–4997).

The appellant contends that Kostrek is ineligible for benefits "based on service for an educational institution * * *." R.C. 4141.29(I)(1)(b). Appellant's construction of the statute would "deny benefits to school employees who have a reasonable assurance of resuming employment after school vacation's end, whether such employees work directly for an educational institution or not." Appellant's brief at page 6. Appellant would have us

dismiss the employment requirement as being against the intent of the legislature. See appellant's brief at page 3.

The Supreme Court of Ohio has interpreted the statute in question in the present case. In *Univ. of Toledo v. Heiny* (1987), 30 Ohio St.3d 143, 30 OBR 454, 507 N.E.2d 1130, syllabus, a case cited by appellant, the court held:

"R.C. 4141.29(I)(1)(b) denies unemployment benefits for the period during the summer months to *employees of educational institutions* who work in other than instructional, research or principal administrative capacities, when such *employees* are given reasonable assurance in the current academic year that employment is available for the following academic year." (Emphasis added).

In the case *sub judice,* Kostrek was not an employee of either the school or a school district. Cf. *Johnson v. Brunswick Bd. of Edn.* (1983), 24 Ohio App.3d 48, 24 OBR 101, 492 N.E.2d 1252. She was employed by the appellant. She met the requirements for benefits under R.C. 4141.29(A)(1) through (5). The appellant, admittedly, is not an educational institution. Thus, we are compelled to hold that the board and trial court correctly determined that R.C. 4141.29(I)(1)(b) was inapplicable to Kostrek's application and Kostrek was entitled to benefits. Accordingly, the decision of the trial court is affirmed. Appellant's assignment of error is overruled.

*Judgment affirmed.*

DAVID T. MATIA, P.J., and PRYATEL, J., concur.

AUGUST PRYATEL, J., retired, of the Eighth Appellate District, sitting by assignment.