OPINION
Appellants are twelve school bus drivers who were employed by appellee, the Pickerington Local Board of Education, for the 1994-1995 school year.[1] During the course of that year, appellee decided to contract the busing out to a private company, Laidlaw Transit Incorporated. Laidlaw offered employment to appellants for the 1995-1996 school year and appellants accepted. Appellants' last day with appellee was June 8, 1995.
In June 1995, appellants filed claims for employment compensation. By decision dated July 15, 1995, the Administrator of the Bureau of Employment Services allowed each claim and awarded appellants unemployment compensation benefits from July 8, 1995 to September 2, 1995.
Upon appellee's request for reconsideration, a hearing was held on June 18, 1996 before the Unemployment Compensation Board of Review. By decision dated September 11, 1996, the Board of Review reversed the Administrator's decision and disallowed the claims.
On October 11, 1996, appellants filed a notice of appeal with the Court of Common Pleas of Fairfield County, Ohio. By memorandum and entry filed March 10, 1997 and March 18, 1997, respectively, the trial court affirmed the Board of Review's decision.
Appellants filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE COURT OF COMMON PLEAS OF FAIRFIELD COUNTY, OHIO ERRED TO THE PREJUDICE OF APPELLANTS IN MISINTERPRETING THE APPLICATION OF R.C. 4141.29(I)(1)(b).
II
 THE COURT OF COMMON PLEAS OF FAIRFIELD COUNTY, OHIO ERRED TO THE PREJUDICE OF APPELLANTS IN FINDING THAT THE UNEMPLOYMENT COMPENSATION BOARD OF REVIEW'S DECISION DENYING APPELLANTS' UNEMPLOYMENT COMPENSATION WAS LAWFUL, REASONABLE AND SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
 I, II
Appellants claim the trial court erred in finding R.C.4141.29(I)(1)(b) applied sub judice and in affirming the Board of Review's decision. We agree.
Our role in reviewing the trial court's decision is to determine whether the trial court appropriately applied the standard of unlawful, unreasonable or against the manifest weight of the evidence. Tzangas, Plakas Mannos v. Ohio Bur. of Emp.Serv. (1995), 73 Ohio St.3d 694; Republic Engineered Steels, Inc.v. Strege (1993), 84 Ohio App.3d 782. In order to so review the trial court's decision, we must consider the manifest weight of the evidence. A judgment supported by some competent, credible evidence will not be reversed as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279.
The facts are not in dispute. Appellants were employed by appellee as bus drivers for the 1994-1995 school year. Prior to the end of this school year, appellee contracted with Laidlaw to provide busing services for the 1995-1996 school year. As a consequence, appellants were no longer employed by appellee after June 8, 1995, although appellants were paid until August 1995 under a twelve month contract. In the fall of 1995, Laidlaw hired appellants to transport appellee's school children. There was no change in job duties, only a change in employer.[2]
By memorandum filed March 10, 1997, the trial court examined the facts and found appellants were not entitled to unemployment compensation because the "between terms exception" of R.C.4141.29(I)(1) (b) applied. Said statute provides as follows:
 (I) (1) Benefits based on service in employment as provided in divisions (B)(2) (a) and (b) of section 4141.01 of the Revised Code shall be payable in the same amount, on the same terms, and subject to the same conditions as benefits payable on the basis of other service subject to this chapter; except that after December 31, 1997:
 (b) Benefits based on service for an educational institution or an institution of higher education in other than an instructional, research, or principal administrative capacity, shall not be paid to any individual for any week of unemployment which begins during the period between two successive academic years or terms of the employing educational institution or institution of higher education, provided the individual performed those services for the educational institution or institution of higher education during the first such academic year or term and, there is a reasonable assurance that such individual will perform those services for any educational institution or institution of higher education in the second of such academic years or terms.
The trial court reasoned appellants "knew prior to the expiration of their contracts with Pickerington that they would be offered, and in fact received, employment with Laidlaw. Moreover, the drivers knew, or at the very least were reasonably assured, they would be performing virtually identical services in the next academic year." See, March 10, 1997 Memorandum at 5.
Appellants argue R.C. 4141.29(I)(1)(b) does not apply because appellants are now employed with a private company, Laidlaw. Appellants argue R.C. 4141.29(I)(1)(b) applies only to the employment of governmental, educational and charitable employees because the statute clearly references R.C. 4141.01(B)(2)(a) and (b). Appellants further argue because R.C. 4141.29(I)(1)(b) states benefits shall not be paid if "the individual performed such services for the educational institution * * * during the first such academic year * * * and there is a reasonable assurance that such individual will perform such services for any educational institution * * * in the second of such academic years," an individual must be employed by an educational institution before and after the between term break. In support, appellants cite the case of North Olmsted v. Ohio Bur. of Emp.Serv. (1980), 62 Ohio App.3d 173, as being undistinguishable from the case sub judice. In North Olmsted, claimant was employed during the school year as a crossing guard. Claimant's employer was the municipality of North Olmsted. Claimant filed for unemployment compensation benefits for the summer break and North Olmsted opposed benefits arguing the between terms exception of R.C. 4141.29(I)(1)(b) applied. Court of Appeals Judge Francis E. Sweeney, now Justice of the Supreme Court of Ohio, found claimant's employer was not an educational institution therefore, R.C. 4141.29(I)(1)(b) did not apply and claimant was entitled to benefits. In effect, claimant's "service" to an educational institution was of no consequence. The issue of R.C.4141.29(I)(1)(b)'s applicability involved who claimant's employer was. In reaching his decision, Judge Sweeney cited the Supreme Court of Ohio's syllabus in Univ. of Toledo v. Heiny (1987),309 Ohio St.3d 143:
 R.C. 4141.29(I)(1)(b) denies unemployment benefits for the period during the summer months to employees of educational institutions who work in other than instructional, research or principal administrative capacities, when such employees are given reasonable assurance in the current academic year that employment is available for the following academic year. (Emphasis added.)
The Univ. of Toledo court at 146 explained the reasoning behind the between term exception as follows:
 Unemployment compensation legislation has been enacted to benefit teachers and non-instructional employees of educational institutions whose employment has terminated at the end of an academic year and whose employment prospects for the ensuing academic year are doubtful. It surely was not enacted to `subsidize the vacation periods of those who know well in advance that they may be laid off for certain specified periods.' Davis v. Commonwealth (1978), 39 Pa. Commw. 146, 147, 394 A.2d 1320, 1321.
Appellee in its brief at 12 argues the General Assembly expanded the original intent of R.C. 4141.29(I)(1)(b) when it amended said statute in 1980:
 The statute previously had stated that an individual could not claim benefits if that person `was in employment with the school district' at the termination of the first academic term. Those words were stricken and replaced with the words `performed such services for
the educational institution.' (Emphasis added.) See Baldwin's Ohio Legislative Service, 1980 Laws of Ohio, p. 5-539. This change of terminology evinces the intention of the General Assembly to exclude any individual who, in any capacity, performs services for an educational institution from claiming unemployment compensation benefits from the educational institution between academic years.
Appellee argues because appellants provided the same services in the 1995-1996 school year as they did in the 1994-1995 school year, the between terms exception applies and appellants are not entitled to unemployment compensation benefits.
Upon review, we would find appellee's argument of "service" to an educational institution to be persuasive but for the Supreme Court of Ohio's syllabus in Univ. of Toledo wherein the court interpreted R.C. 4141.29(I)(1)(b) after the 1980 amendment. The syllabus clearly restricts R.C. 4141.29(I)(1)(b) to "employees of educational institutions" and does not expand the statute to service providers. Syllabus language is controlling law. S.Ct.R.Rep.Op. 1 (B). Because appellants became employed with a private company, the between terms exception of R.C.4141.29(I)(1)(b) does not apply. We find the Board of Review's decision was unlawful and the trial court erred in affirming said decision.
Assignments of Error I and II are granted.
The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby reversed.
By Farmer, P.J., Hoffman, J. and Reader, J. concur.
 JUDGMENT ENTRY
CASE NO. 97 CA 00026
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio is reversed.
[1] There were originally thirteen but Wesley Helligg dismissed his appeal on December 10, 1996.
[2] Within the Laidlaw contract, Laidlaw agreed to offer employment to qualified existing drivers employed by appellee as of July 1, 1995 at the same compensation rate as paid by appellee.