JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before this court on the accelerated docket pursuant to App.R. 11.1 and Local App.R. 11.1.
 {¶ 2} Plaintiff-appellant, Parma City Schools, Office of Human Resources ("Parma"), appeals the trial court's affirmance of the Unemployment Compensation Review Commission's ("UCRC") decision that Angela Bouch ("Bouch") was entitled to unemployment compensation. For the reasons set forth below, we reverse and reinstate the decision of the Ohio Department of Job and Family Services.
 {¶ 3} Bouch was employed as a computer teacher by Parma from August, 2002 until June 10, 2004, when the school year ended. Prior to the completion of the school year, on December 17, 2003, Parma offered to pay $1,000 to any employee for early notice of intent to retire or resign. According to Donna Mazzeo, a supervisor in Parma's Human Services Department, early notice was preferred so that Parma could assess the vacant positions for the following year and begin searching early for qualified candidates to fill those positions before they were hired elsewhere.
 {¶ 4} On March 4, 2004, sometime after her husband relocated to Florida to live and work, Bouch submitted an early notice of intent to resign at the end of 2003-2004 school year and was paid $1,000. Bouch fulfilled her contract obligations and worked until the end of the 2003-2004 school year but did not return the following year.
 {¶ 5} On July 27, 2004, Bouch filed an Application for Determination of Benefit Rights with the Ohio Department of Job and Family Services ("ODJFS"). The ODJFS denied Bouch's application on August 30, 2004. ODJFS determined that Bouch quit her employment with Parma without just case. Bouch filed a request for reconsideration, which the ODJFS denied in its Redetermination Decision.
 {¶ 6} Bouch appealed the Redetermination Decision and ODJFS transferred jurisdiction to the Commission. A ODJFS hearing officer conducted a telephone hearing on December 16, 2004. At the hearing, Bouch testified on her own behalf and Donna Mazzeo testified on behalf of Parma.
 {¶ 7} Following the hearing, the officer reversed the ODJFS's decision. The hearing officer concluded that Bouch was separated from her employment due to a lack of work because, when the school year ended in June of 2004, there was no further work available for her with Parma for the following academic year. Therefore, the officer determined Bouch was entitled to unemployment compensation benefits. Accordingly, the case was remanded to ODJFS to determine Bouch's monetary entitlement, charges to base period employers and eligibility in the first week claimed. Parma's request for further review before the Commission was denied.
 {¶ 8} Pursuant to R.C. 4141.282(H), Parma appealed the Commission's decision to the Cuyahoga County Court of Common Pleas on March 24, 2005. The trial court affirmed the decision on April 27, 2005.
 {¶ 9} Parma now appeals and asserts two assignments of error for our review.
 {¶ 10} Parma's first assignment of error states:
 {¶ 11} "The trial court abused its discretion when it affirmed the board of review's decision that the claimant quit her job for lack of work."
 {¶ 12} Parma's second assignment of error states:
 {¶ 13} "The trial court abused its discretion in not finding that the manifest weight of the evidence established the claimant resigned her position due to marital obligations."
 {¶ 14} Because Parma's first and second assignments of error are interrelated, we will address them simultaneously.
 {¶ 15} A reviewing court may only reverse a decision of the Unemployment Compensation Board of Review if the decision is unlawful, unreasonable or against the manifest weight of the evidence. R.C.4141.282(H); Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Serv.,73 Ohio St.3d 694, 696, 1995-Ohio-206, 653 N.E.2d 1207, paragraph one of syllabus; Irvine v. Unemp. Comp. Bd. of Rev. (1985), 19 Ohio St.3d 15,17-18, 482 N.E.2d 587. Thus, this court is not permitted to make factual findings or determine the credibility of witnesses. Tzangas, supra;Irvine, supra. We may only determine whether the Commission's decision is supported by the evidence in the record. Id. "The fact that reasonable minds might reach different conclusions is not a basis for the reversal of the board's decision. * * * Where the board might reasonably decide either way, the courts have no authority to upset the board's decision." Irvine, supra at 18. Consequently, if the evidence is supported by competent, credible evidence, we must affirm the Commission's decision. MacMillan v. Flow Polymers, Inc., Cuyahoga App. Nos. 83197, 83203, 2004-Ohio-1252.
 {¶ 16} In Case Western Reserve University v. Ohio UnemploymentCompensation Review Commission, Cuyahoga App. No. 81773, 2003-Ohio-2047, a visiting professor, Zimmerman, was hired pursuant to an employment contract entered into between her and Case Western Reserve University. The employment contract stated that Zimmerman would be offered employment for the 2000-2001 academic school year. Id. Zimmerman left employment at the University at the expiration of her contract. Id. She subsequently applied for unemployment benefits and her application was allowed. Id. The University argued that she voluntarily entered into a temporary employment contract for a specified term and, at the end of the term, voluntarily left her employment with the University. Id. Accordingly, the University argued, she is ineligible for unemployment compensation. Id.
 {¶ 17} The court disagreed with the University and stated that:
 {¶ 18} "* * * `the fact that the unemployment is the result of the expiration of a contract for employment is irrelevant.' The rationale for this position is that eligibility for unemployment benefits depends upon the establishment of an employment relationship followed by involuntary unemployment. Consequently, in Ohio a presumption exists that the employee separated for lack of work; this presumption may be rebutted by the employer testifying that it indeed had work but the employee left voluntarily."
 {¶ 19} Id. quoting Lexington Twp. Trustees v. Stewart (Mar. 17, 1986), Stark App. No. 6766.[1]
 {¶ 20} Therefore, the court found Zimmerman separated from the University's employment due to a lack of work and not that she voluntarily left her employment. Id. Additionally, the court determined that the employer was unable to refute the presumption that Zimmerman separated due to a lack of work because the director of employment relations for the University admitted that the school did not have any work for Zimmerman at the end of her contract. Id. Accordingly, the court held that Zimmerman was entitled to unemployment benefits. Id.
 {¶ 21} As in Case Western, in the case sub judice, Parma and Bouch entered into an employment contract for the academic year of 2003-2004. Bouch completed her responsibilities under that contract by continuing to work until the end of the school year. She, however, did not return the following year. As a result, Bouch sought unemployment compensation. As in Case Western, we find that a presumption exists that Bouch separated due to a lack of work.
 {¶ 22} Unlike the situation in Case Western, however, that presumption was rebutted by Donna Mazzeo, a supervisor in Parma's Human Services Department. She testified that the school did in fact have work for Bouch the following year, but that she left voluntarily. Even Bouch testified at the hearing before the Commission that she would have been employed the following school year with Parma had she not resigned. Therefore, under the circumstances, we find that Bouch's separation from Parma was not due to a lack of work. Rather, she left her position voluntarily. Consequently, we find the Commission's decision awarding Bouch unemployment benefits unlawful and unreasonable.
 {¶ 23} Not only do we find the Commission's decision unlawful and unreasonable, but we also find the decision against the manifest weight of the evidence. Pursuant to R.C. 4141.29(D)(2)(a), a claimant is not eligible for unemployment compensation benefits if the claimant leaves voluntarily without just cause. The Unemployment Compensation Act was intended to "provide financial assistance to an individual who had worked, was able and willing to work, but was temporarily without employment through no fault or agreement of his own." Irvine v.Unemployment Comp. Bd. of Review (1985), 19 Ohio St.3d 15, 17,482 N.E.2d 587, quoting Salzl v. Gibson Greeting Cards (1980),61 Ohio St.2d 35, 39, 399 N.E.2d 76.
 {¶ 24} In the instant matter, the Commission based its grant of unemployment compensation on the following determinations: After Bouch became unemployed on June 10, 2004 when the school year ended, there was no further work available for Bouch with Parma. Thus, her separation was due to a lack of work. The Commission based this conclusion on their finding that because the school was uncertain of their funding levels, they offered a $1,000 incentive to teachers who were considering retiring or leaving their system to notify them as early as possible.
 {¶ 25} The Commission's interpretation of the evidence and conclusions therefrom are not based upon the evidence presented in the record. Instead, the evidence establishes that Bouch voluntarily relinquished her employment with Parma in order to move to Florida to be with her husband.
 {¶ 26} Donna Mazzeo testified that the purpose of the $1,000 offer was not to reduce the workforce, but instead, to assess its hiring needs for the following year and begin searching for qualified candidates. No other evidence was presented to contradict Mazzeo's testimony. Furthermore, there is no evidence in the record to even suggest the Commission's conclusion that the $1,000 offer was given in order to reduce the workforce. Accordingly, the Commission's conclusion that the $1,000 offer was given in order to reduce the workforce is against the manifest weight of the evidence.
 {¶ 27} Having determined that the purpose behind the $1,000 incentive was not to reduce the workforce, we find the Commission's conclusion that no further work was available to Bouch after the expiration of her contract was also not supported by the evidence in the record. Donna Mazzeo testified that Bouch would have been offered a contract for the following year. Additionally, evidence in the record establishes that Bouch's position was not eliminated, but rather, was filled by another individual. In fact, the school did not reduce the number of computer teachers at all. Furthermore, Bouch herself admitted that she would have been hired the following year had she not resigned in March.
 {¶ 28} In reaching the conclusion that no further work was available to Bouch, the Commission may have relied on the fact that Parma did not offer Bouch a contract for the following year by the time she resigned on March 4, 2004. Such a conclusion, however, is not supported by the evidence in the record. Bouch herself testified that in the past she had not received letters offering employment until after the month of March. Accordingly, the Commission's conclusion that no further work was available to Bouch, and thus, she was separated from her employment due to a lack of work is against the manifest weight of the evidence.
 {¶ 29} Instead of determining that Bouch was separated from employment due to lack of work, we find that the manifest weight of the evidence establishes that she resigned from her position in order to unite with her husband in Florida. She repeatedly states, both in her testimony before the hearing officer and on her applications for unemployment benefits, that she relocated to Florida in June of 2004 in order to lessen the financial burdens incurred as a result of her and her husband maintaining two homes, one in Ohio and one in Florida. The foregoing evidence supports the conclusion that Bouch resigned from her position so that she could relocate to Florida where her husband lived and worked.
 {¶ 30} Although we may not make factual findings or determine the credibility of witnesses, we are responsible for determining whether the Commission's decision is supported by competent, credible evidence in the record. For the reasons discussed above, we find that the Commission's decision was not supported by competent, credible evidence. Accordingly, Parma's first and second assignments of error are sustained and the case is reversed and the decision of the Ohio Department of Job and Family Services is reinstated.
Judgment reversed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, P.J., and MELODY J., STEWART, J., CONCUR.
[1] We note that in Lorain Cty. Auditor v. Ohio Unemployment Comp.Rev. Comm., 108 Ohio St.3d 1469, 2006-Ohio-665, 842 N.E.2d 1050, the Supreme Court of Ohio certified a conflict between the cases of CaseWestern, supra; Lexington Twp. Trustees, supra; and Mathieu v.Dudley (1967), 10 Ohio App.2d 169, 226 N.E.2d 763 with the case ofLorain Cty. Auditor v. Ohio Unemployment Comp. Rev. Comm., Lorain App. No. 05CA008679, 2005-Ohio-5807. The issue on review is: "Is a claimant entitled to unemployment compensation when the claimant worked under a fixed-term contract and has completed the term of the contract." Until the conflict is resolved by the Ohio Supreme Court, we continue to adhere to the precedence of this court in Case Western, supra. Additionally, we sua sponte certify a conflict here.